**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| DANIEL PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Court No.: |
| ) | |
| INDIANA HARBOR BELT RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Now comes the Plaintiff, DANIEL PARKER, by and through his attorneys, George Brugess and Bradley N. Barker of COGAN & POWER, P.C., and for his Complaint against the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, alleges and states as follows:

1. Jurisdiction of this Court is pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1331.

2. That Plaintiff brings this action pursuant to the authority of 45 U.S.C. § 51, *et seq.*, commonly referred to as the Federal Employer's Liability Act ("FELA").

3. That on or about July 31, 2021, and at all times herein mentioned, the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, was and still is a railroad corporation organized and existing as a common carrier by rail in and throughout several states of the United States of America, with its principle office and principal place of business in Hammond, Indiana, and for the purpose thereof did own, posses, operate in, and maintain railroad cars, yards, tracks, facilities, and property, and performed railroad business throughout the State of Indiana and, in particular, in Lake County, Indiana at a railyard commonly known as the "Gibson Yard."

4. That at all times herein mentioned. Plaintiff, DANIEL PARKER, was employed by the Defendant as a railroad freight conductor and was in the course and scope of his duties in Lake County, Indiana, on July 31, 2021, when he reported that he was injured on said date.

5. That on or about July 31, 2021, the Plaintiff was engaged in the course and scope of his employment at Gibson Yard in Hammond, Lake County, Indiana in furtherance of Defendant's business of interstate commerce and transportation.

6. That at said time and place, Plaintiff was performing his job duties during switching operations by applying a handbrake to a railcar within the switching yard when the railcar handbrake unexpectedly and suddenly stopped operating efficiently and seized up, causing the Plaintiff to sustain serious injuries.

7. That pursuant to the FELA, the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, had a continuing, non-delegable duty to use ordinary care provide the Plaintiff, DANIEL PARKER, with a reasonably safe place to work and with reasonably safe equipment and tools to perform his duties.

8. That the Defendant, by and through its officers, agents and employees, was then and there guilty of one or more or all of the following negligent acts or omissions:

    a. failed to provide Plaintiff with a reasonably safe place to work;

    b. failed to warn the Plaintiff of the unsafe condition of the railcar handbrake;

    c. violated industry safety standards that require railcars to be in good repair and safe operating condition;

    d. violated industry safety standards that require railcars to be regularly inspected and tested;

    e. violated the Safety Appliance Act, 49 U.S.C. § 20301 *et seq.*, and its associated regulations, 49 C.F.R § 231 *et seq.*;

      f.      negligently inspected, maintained, and/or repaired the defective railcar prior to requiring that Plaintiff operate it; and,

      g.      was otherwise careless and negligent.

9. The failure by the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts and/or omissions caused, in whole or in part, Plaintiff to sustain serious and severe personal injuries.

10. As a consequence, the Plaintiff sustained severe and permanent injuries to his body, resulting in permanent disability and the loss of a normal life; that he has suffered and will continue to suffer great bodily pain, suffering and mental anguish; that he has lost great sums of money which he otherwise would have earned in the pursuit of his usual occupation and will continue to lose in the future; that his earning capacity has been permanently impaired; and that he has spent great sums of money endeavoring to be treated and cured of said injuries and will continue to incur such expenses in the future; and that he has suffered permanent disfigurement as the result of his injuries.

11. That Defendant's violation of a statute or regulation enacted for the safety of employees is negligence per se and removes the issue of contributory negligence from this action pursuant to 45 U.S.C. § 53.

WHEREFORE, the Plaintiff, DANIEL PARKER, prays for judgment for damages in his favor and against the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, in an amount which will fairly and reasonably compensate the Plaintiff for his injuries, losses and damages, plus costs of court.

                                            Respectfully Submitted,

                                    By: /s/ George Brugess
                                        One of Plaintiff's Attorneys

George Brugess
Bradley N. Barker
COGAN & POWER, P.C.
One East Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (Fax)
gbrugess@coganpower.com
bbarker@coganpower.com
Asst.: mreid@coganpower.com